STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

TERRY LATHAM,

     Plaintiff,

v.                                                      No. CV 200904373

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

     Defendant.

FILED IN MY OFFICE THIS

JUN 0 1 2009

*Juanita M. Duran*
CLERK DISTRICT COURT

### AMENDED NOTICE OF APPEAL
### FROM THE HUMAN RIGHTS COMMISSION
### AND COMPLAINT FOR HUMAN RIGHTS VIOLATIONS

    1.   In this complaint, Plaintiff Terry Latham illuminates the cruel and discriminatory treatment she has received from her employer, Albuquerque Public Schools ("APS"). Ms. Latham suffers from chronic asthma. To warn her of oncoming asthma attacks, Ms. Latham is accompanied by a service dog named Bandit, and from January 2008 to May 2008, Bandit accompanied Mr. Latham on her APS substitute teaching assignments. Ms. Latham has worked for APS as a substitute teacher for about fifteen years, but APS now prohibits her from having Bandit in the workplace. By barring Bandit, APS prevents Ms. Latham from working as much for APS and prevents her from having the benefits that Bandit provides. Ms. Latham now seeks the relief that the law affords.

    2.   Ms. Latham is a resident of Bernalillo County, New Mexico.

    3.   Defendant Board of Education of APS is the governing body of APS, a public school system in New Mexico.

    4.   Defendant is a recipient of federal financial assistance within the meaning of the Rehabilitation Act.

**EXHIBIT**

**B**

5.   The incidents that are the subject of this action took place in Bernalillo County, New Mexico.

6.   This Court has personal jurisdiction over the parties.

7.   This Court is the proper venue for this action.

8.   Ms. Latham suffers from chronic asthma.

9.   Ms. Latham's service dog, Bandit, warns her of oncoming asthma attacks so she can have time to take medication and precautionary actions.

10.   Ms. Latham is a physically handicapped person as defined by the New Mexico Human Rights Act ("HRA"), NMSA 1978, § 28-1-2(M) (2007).

11.   Ms. Latham is disabled as defined by ADA Amendments Act of 2008, Pub. L. No. 110-325.

12.   Ms. Latham is a handicapped individual within the meaning of the Rehabilitation Act, 29 U.S.C. § 706(8).

13.   This action arises under the New Mexico Human Rights Act, NMSA 1978, § 28-1-7(F) (2004), the ADA Amendments Act of 2008, Pub. L. No. 110-325, the Rehabilitation Act, 29 U.S.C. §§ 701 et seq., 42 U.S.C. § 1983, and the laws, statutes, regulations, policies, practices, and customs of the State of New Mexico and the United States and their agencies and political subdivisions.

14.   At all times mentioned herein, Defendant acted under color of state law.

15.   Ms. Latham has worked for APS as a substitute teacher for approximately fifteen years.

2

16.   Bandit is registered as a service dog with the Service Animal Registry of America and the Goldstar Service Dog Organization.

17.   From January 2008 to May 2008, Bandit accompanied Mr. Latham on her APS substitute teaching assignments.

18.   Bandit alerts Ms. Latham when her breathing changes, first by sitting on her feet, then by whining, and then by barking loudly.

19.   On April 8, 2008 APS issued a plan to accommodate Ms. Latham by allowing Bandit to accompany her to work.

20.   Shortly after issuing the plan referred to in ¶ 19, APS rescinded the plan.

21.   On March 6, 2008, April 3, 2008, and December 8, 2008, APS directed Ms. Latham not to bring Bandit to work.

22.   On December 8, 2008 APS suspended Ms. Latham for one week for bringing Bandit to work.

23.   By prohibiting Bandit from accompanying Ms. Latham to work, APS barred Ms. Latham from working as much for APS.

24.   By prohibiting Bandit from accompanying Ms. Latham to work, APS disallowed Mr. Latham from having the benefits Bandit provides her while working for APS.

25.   On June 10, 2008 Ms. Latham filed a charge of discrimination with the New Mexico Human Rights Division against APS.

26.   On December 5, 2008 the New Mexico Human Rights Division issued a Determination of Probable Cause that APS

discriminated against Ms. Latham based on disability.

27.   On April 7, 2009 the New Mexico Human Rights Commission issued its Order of Dismissal so Ms. Latham may file this matter in district court.

28.   On May 14, 2009 APS alleged, in a letter to Ms. Latham, that she left students unattended at Volcano Vista High School on April 14, 2009 and left her substitute teaching assignment early.

29.   On April 14, 2009 Ms. Latham substituted for Lee Ann Johns, business education.

30.   On April 14, 2009 Ms. Latham taught a block schedule, with APS assigning her to the snack bar (including lunch) for two of the blocks.

31.   On April 14, 2009 Ms. Latham checked in with another teacher who instructed Ms. Latham where to be and when to be there.

32.   On April 14, 2009 Ms. Latham covered her assigned job all day and did not leave any students unattended, nor did she leave her assignment early.

33.   APS made similar baseless accusations against Ms. Latham regarding her substitute assignment at West Mesa High School eleven days before the May 14, 2009 letter.

34.   APS's May 14, 2009 letter to Ms. Latham was an act of retaliation for filing this lawsuit.,

## COUNT I:
## DISCRIMINATION AND RETALIATION UNDER THE HUMAN RIGHTS ACT

35.   The preceding allegations are incorporated by reference.

4

36.   Ms. Latham further avers that Defendant's acts of discrimination and retaliation, as alleged above, have caused her to suffer lost wages and fringe benefits and loss of employment, and may continue to cause her lost wages and fringe benefits for an unspecified time period in the future, and have caused her emotional distress.

37.   Ms. Latham further avers that said acts of discrimination and retaliation are causally related to the losses described above.

WHEREFORE, Plaintiff seeks the following relief:

a.   an order making Ms. Latham whole by awarding her front pay in an amount deemed appropriate by the Court;

b.   an order awarding Ms. Latham back pay (including bonuses and fringe benefits) from the date Defendant prohibited Bandit from accompanying Ms. Latham at work through the date of trial;

c.   an order awarding Ms. Latham prejudgment and postjudgment interest in an amount and at a rate to be determined at the time of trial;

d.   an order awarding Ms. Latham fair compensation for emotional distress;

e.   an order awarding Ms. Latham all attorneys' fees, expert witness fees and costs of this action; and

f.   an order awarding Ms. Latham such other and further relief as this Court deems fit.

5

## COUNT II:
## DISCRIMINATION AND RETALIATION
## UNDER THE ADA AMENDMENTS ACT OF 2008

38.   The preceding allegations are incorporated by reference.

39.   Ms. Latham further avers that Defendant's acts of discrimination and retaliation, as alleged above, have caused her to suffer lost wages and fringe benefits and loss of employment, and may continue to cause her lost wages and fringe benefits for an unspecified time period in the future, and have caused her emotional distress.

40.   Ms. Latham further avers that said acts of discrimination and retaliation are causally related to the losses described above.

WHEREFORE, Plaintiff seeks the following relief:

a.   an order making Ms. Latham whole by awarding her front pay in an amount deemed appropriate by the Court;

b.   an order awarding Ms. Latham back pay (including bonuses and fringe benefits) from the date Defendant prohibited Bandit from accompanying Ms. Latham at work through the date of trial;

c.   an order awarding Ms. Latham prejudgment and postjudgment interest in an amount and at a rate to be determined at the time of trial;

d.   an order awarding Ms. Latham fair compensation for emotional distress;

e.   an order awarding Ms. Latham all attorneys' fees,

6

expert witness fees and costs of this action; and

f.   an order awarding Ms. Latham such other and further relief as this Court deems fit.

### COUNT III:
### DISCRIMINATION AND RETALIATION UNDER THE REHABILITATION ACT

41.   The preceding allegations are incorporated by reference.

42.   Ms. Latham further avers that Defendant's acts of discrimination and retaliation, as alleged above, have caused her to suffer lost wages and fringe benefits and loss of employment, and may continue to cause her lost wages and fringe benefits for an unspecified time period in the future, and have caused her emotional distress.

43.   Ms. Latham further avers that said acts of discrimination and retaliation are causally related to the losses described above.

WHEREFORE, Plaintiff seeks the following relief:

a.   an order making Ms. Latham whole by awarding her front pay in an amount deemed appropriate by the Court;

b.   an order awarding Ms. Latham back pay (including bonuses and fringe benefits) from the date Defendant prohibited Bandit from accompanying Ms. Latham at work through the date of trial;

c.   an order awarding Ms. Latham prejudgment and postjudgment interest in an amount and at a rate to be determined at the time of trial;

d.   an order awarding Ms. Latham fair compensation for

7

emotional distress;

e.    an order awarding Ms. Latham all attorneys' fees, expert witness fees and costs of this action; and

f.    an order awarding Ms. Latham such other and further relief as this Court deems fit.

## COUNT IV:
## VIOLATION OF § 1983

44.    The preceding allegations are incorporated by reference.

45.    Ms. Latham further avers that the above-described acts and omissions by Defendant deprived Ms. Latham, under color of state law, the rights, immunities and privileges secured to Ms. Latham under the Constitution and laws of the United States of America, in violation of 42 U.S.C. § 1983.

46.    Included among those rights of which Ms. Latham was deprived is the right to be free of disability and handicap discrimination and retaliation.

47.    Ms. Latham was harmed and injured by said deprivation of her civil rights, for which she is entitled to just and fair compensation in an amount to be determined at trial.

48.    Defendant took no steps to prevent or correct the unlawful behavior, thereby acting so culpably as to constitute authorization and acquiescence.

WHEREFORE Ms. Latham asks for compensatory damages together with an award of reasonable attorneys fees and costs and an order awarding Ms. Latham such other and further relief as this Court deems fit.

8

Respectfully submitted,

Daniel M. Faber
Attorney for Plaintiff
4620C Jefferson Lane NE
Albuquerque, NM 87109
(505) 830-0405

**DANIEL M. FABER**

*Attorney*

4620C Jefferson Lane NE
Albuquerque, NM 87109

Telephone: (505) 830-0405                www.danielfaber.com                Fax: (505) 830-3641

# FAX COVER SHEET

| To: | Clerk, Civil Division -- 841-6705 |
| From: | Dan Faber |
| CC: | None |
| Subject: | *Latham/APS (CV 200904373) -- amended complaint* |
| Date: | May 30, 2009 -- 3:38 pm |

**Number of Sheets Including this Telecopy Memorandum:   10**

This facsimile transmission may be confidential and protected from disclosure by law as proprietary information, an attorney-client communication, attorney work-product, or otherwise. It is intended for the exclusive use of the named recipient. If you are not the named recipient, you are hereby notified that any use, copying, disclosure, or distribution of this facsimile transmission may be subject to legal restriction or sanction. You are requested to notify us by telephone, at our expense, to arrange for the return or destruction of this facsimile transmission.

[ X ] Original Will Not Follow — [ ] Original Will Follow By: [ ] U.S. Mail; [ ] Hand Delivery; [ ] Overnight Delivery

NOTES:

Please file this as allowed by Rule 1-005.1 NMRA and 1-015(A) NMRA. Thank you.

If you have trouble with this transmission, please call (505) 830-0405.

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

FILED
SECOND JUDICIAL DISTRICT
2009 APR 15 PM 3:30

*Juanita M. Duran*

KENDRA GOERS

TERRY LATHAM,

     Plaintiff,

v.                                      No. _____ **CV 2009 04373**

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

     Defendant.

## JURY DEMAND

    Plaintiff hereby demands a six-person jury.


                    Respectfully submitted,

                    Daniel M. Faber
                    Attorney for Plaintiff
                    4620C Jefferson Lane NE
                    Albuquerque, NM 87109
                    (505) 830-0405

SEC  , JUDICIAL DISTRICT COURT (CIV. DIVISION)
PO BOX 488, ALBUQUERQUE, NM 8 _03

```
       DATE:04-15-2009                 MEMO:
       TIME:15:27:27                   6 JD BY PL
   RECEIPT #:V  000218778
RECEIVED OF:DANIEL M FABER ATTORNEY    CHECKS:
    BY CLERK:KENDRA N. GOERS           B   7123                  $272.00
                                                                  $0.00
                                                                  $0.00
                                                                  $0.00
                                                                  $0.00

          CASH           CREDIT          CHANGE        OTHER
          $0.00          $0.00           $0.00         $0.00
```

| CASE NUMBER | EVENT/SERVICE | AMOUNT / JUDGE |
|---|---|---|
| D -0202 -CV -0200904373   184   PMT: CIVIL FILING W/ ARBITRAT | | $122.00 |
| LATHAM T VS BOARD OF EDUCATION | | |
| PARTY:  LATHAM TERRY | BB2   BEATRICE BRICKHOUSE | |
| D -0202 -CV -0200904373   156   PMT: JURY 6 PERSON - DISTRICT | | $150.00 |
| LATHAM T VS BOARD OF EDUCATION | | |
| PARTY:  LATHAM TERRY | BB2   BEATRICE BRICKHOUSE | |

```
                                       TOTAL RECEIPT...         $272.00
*    CHECK/CHEQUE IS CONDITIONAL PAYMENT    *
* PENDING RECEIPT OF FUNDS FROM BANK. *
```

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

FILED
SECOND JUDICIAL DISTRICT

2009 APR 15 PM 3:38

*Juanita M. Duran*

TERRY LATHAM,

     Plaintiff,

v.

No. ~~CV 2009~~04373

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

     Defendant.

### CERTIFICATION OF RELIEF SOUGHT BEING OVER $25,000.00

Plaintiff, through his attorney Daniel M. Faber, pursuant to LR2-603(II)(B) NMRA, hereby certifies that the money damages sought in the above-captioned case are more than $25,000.00, exclusive of punitive damages, interest, costs, and attorney fees.

                       Respectfully submitted,

                       *Daniel M. Faber*

                       Daniel M. Faber
                       Attorney for Plaintiff
                       4620C Jefferson Lane NE
                       Albuquerque, NM 87109
                       (505) 830-0405

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

TERRY LATHAM,

     Plaintiff,

v.

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

     Defendant.

FILED
SECOND JUDICIAL DISTRICT

2009 APR 15 PM 3: 29

*Juanita M. Duran*

KENDRA GOERS

No. ~~CV  2009~~0~~43~~ 7 3

SUMMON(S) ISSUED

### NOTICE OF APPEAL
### FROM THE HUMAN RIGHTS COMMISSION
### AND COMPLAINT FOR HUMAN RIGHTS VIOLATIONS

    1.   In this complaint, Plaintiff Terry Latham illuminates the cruel and discriminatory treatment she has received from her employer, Albuquerque Public Schools ("APS").   Ms. Latham suffers from chronic asthma.   To warn her of oncoming asthma attacks, Ms. Latham is accompanied by a service dog named Bandit, and from January 2008 to May 2008, Bandit accompanied Mr. Latham on her APS substitute teaching assignments.   Ms. Latham has worked for APS as a substitute teacher for about fifteen years, but APS now prohibits her from having Bandit in the workplace.   By barring Bandit, APS prevents Ms. Latham from working as much for APS and prevents her from having the benefits that Bandit provides.   Ms. Latham now seeks the relief that the law affords.

    2.   Ms. Latham is a resident of Bernalillo County, New Mexico.

    3.   Defendant Board of Education of APS is the governing body of APS, a public school system in New Mexico.

    4.   Defendant is a recipient of federal financial assistance within the meaning of the Rehabilitation Act.

5.   The incidents that are the subject of this action took place in Bernalillo County, New Mexico.

6.   This Court has personal jurisdiction over the parties.

7.   This Court is the proper venue for this action.

8.   Ms. Latham suffers from chronic asthma.

9.   Ms. Latham's service dog, Bandit, warns her of oncoming asthma attacks so she can have time to take medication and precautionary actions.

10.   Ms. Latham is a physically handicapped person as defined by the New Mexico Human Rights Act ("HRA"), NMSA 1978, § 28-1-2(M) (2007).

11.   Ms. Latham is disabled as defined by ADA Amendments Act of 2008, Pub. L. No. 110-325.

12.   Ms. Latham is a handicapped individual within the meaning of the Rehabilitation Act, 29 U.S.C. § 706(8).

13.   This action arises under the New Mexico Human Rights Act, NMSA 1978, § 28-1-7(F) (2004), the ADA Amendments Act of 2008, Pub. L. No. 110-325, the Rehabilitation Act, 29 U.S.C. §§ 701 et seq., 42 U.S.C. § 1983, and the laws, statutes, regulations, policies, practices, and customs of the State of New Mexico and the United States and their agencies and political subdivisions.

14.   At all times mentioned herein, Defendant acted under color of state law.

15.   Ms. Latham has worked for APS as a substitute teacher for approximately fifteen years.

2

16. Bandit is registered as a service dog with the Service Animal Registry of America and the Goldstar Service Dog Organization.

17. From January 2008 to May 2008, Bandit accompanied Mr. Latham on her APS substitute teaching assignments.

18. Bandit alerts Ms. Latham when her breathing changes, first by sitting on her feet, then by whining, and then by barking loudly.

19. On April 8, 2008 APS issued a plan to accommodate Ms. Latham by allowing Bandit to accompany her to work.

20. Shortly after issuing the plan referred to in ¶ 19, APS rescinded the plan.

21. On March 6, 2008, April 3, 2008, and December 8, 2008, APS directed Ms. Latham not to bring Bandit to work.

22. On December 8, 2008 APS suspended Ms. Latham for one week for bringing Bandit to work.

23. By prohibiting Bandit from accompanying Ms. Latham to work, APS barred Ms. Latham from working as much for APS.

24. By prohibiting Bandit from accompanying Ms. Latham to work, APS disallowed Mr. Latham from having the benefits Bandit provides her while working for APS.

25. On June 10, 2008 Ms. Latham filed a charge of discrimination with the New Mexico Human Rights Division against APS.

26. On December 5, 2008 the New Mexico Human Rights Division issued a Determination of Probable Cause that APS

3

discriminated against Ms. Latham based on disability.

27.   On April 7, 2009 the New Mexico Human Rights Commission issued its Order of Dismissal so Ms. Latham may file this matter in district court.

**COUNT I:**
**DISCRIMINATION UNDER THE HUMAN RIGHTS ACT**

28.   The preceding allegations are incorporated by reference.

29.   Ms. Latham further avers that Defendant's acts of discrimination, as alleged above, have caused her to suffer lost wages and fringe benefits and loss of employment, and may continue to cause her lost wages and fringe benefits for an unspecified time period in the future, and have caused her emotional distress.

30.   Ms. Latham further avers that said acts of discrimination are causally related to the losses described above.

WHEREFORE, Plaintiff seeks the following relief:

a.   an order making Ms. Latham whole by awarding her front pay in an amount deemed appropriate by the Court;

b.   an order awarding Ms. Latham back pay (including bonuses and fringe benefits) from the date Defendant prohibited Bandit from accompanying Ms. Latham at work through the date of trial;

c.   an order awarding Ms. Latham prejudgment and postjudgment interest in an amount and at a rate to be determined at the time of trial;

4

d.   an order awarding Ms. Latham fair compensation for emotional distress;

e.   an order awarding Ms. Latham all attorneys' fees, expert witness fees and costs of this action; and

f.   an order awarding Ms. Latham such other and further relief as this Court deems fit.

## COUNT II:
## DISCRIMINATION UNDER THE ADA AMENDMENTS ACT OF 2008

31.   The preceding allegations are incorporated by reference.

32.   Ms. Latham further avers that Defendant's acts of discrimination, as alleged above, have caused her to suffer lost wages and fringe benefits and loss of employment, and may continue to cause her lost wages and fringe benefits for an unspecified time period in the future, and have caused her emotional distress.

33.   Ms. Latham further avers that said acts of discrimination are causally related to the losses described above.

WHEREFORE, Plaintiff seeks the following relief:

a.   an order making Ms. Latham whole by awarding her front pay in an amount deemed appropriate by the Court;

b.   an order awarding Ms. Latham back pay (including bonuses and fringe benefits) from the date Defendant prohibited Bandit from accompanying Ms. Latham at work through the date of trial;

c.   an order awarding Ms. Latham prejudgment and

5

postjudgment interest in an amount and at a rate to be determined at the time of trial;

    d.    an order awarding Ms. Latham fair compensation for emotional distress;

    e.    an order awarding Ms. Latham all attorneys' fees, expert witness fees and costs of this action; and

    f.    an order awarding Ms. Latham such other and further relief as this Court deems fit.

## COUNT III:
## DISCRIMINATION UNDER THE REHABILITATION ACT

34.    The preceding allegations are incorporated by reference.

35.    Ms. Latham further avers that Defendant's acts of discrimination, as alleged above, have caused her to suffer lost wages and fringe benefits and loss of employment, and may continue to cause her lost wages and fringe benefits for an unspecified time period in the future, and have caused her emotional distress.

36.    Ms. Latham further avers that said acts of discrimination are causally related to the losses described above.

    WHEREFORE, Plaintiff seeks the following relief:

    a.    an order making Ms. Latham whole by awarding her front pay in an amount deemed appropriate by the Court;

    b.    an order awarding Ms. Latham back pay (including bonuses and fringe benefits) from the date Defendant prohibited Bandit from accompanying Ms. Latham at work through the date of

trial;

    c.   an order awarding Ms. Latham prejudgment and postjudgment interest in an amount and at a rate to be determined at the time of trial;

    d.   an order awarding Ms. Latham fair compensation for emotional distress;

    e.   an order awarding Ms. Latham all attorneys' fees, expert witness fees and costs of this action; and

    f.   an order awarding Ms. Latham such other and further relief as this Court deems fit.

## COUNT IV:
## VIOLATION OF § 1983

37.   The preceding allegations are incorporated by reference.

38.   Ms. Latham further avers that the above-described acts and omissions by Defendant deprived Ms. Latham, under color of state law, the rights, immunities and privileges secured to Ms. Latham under the Constitution and laws of the United States of America, in violation of 42 U.S.C. § 1983.

39.   Included among those rights of which Ms. Latham was deprived is the right to be free of disability and handicap discrimination.

40.   Ms. Latham was harmed and injured by said deprivation of her civil rights, for which she is entitled to just and fair compensation in an amount to be determined at trial.

41.   Defendant took no steps to prevent or correct the unlawful behavior, thereby acting so culpably as to constitute

authorization and acquiescence.

WHEREFORE Ms. Latham asks for compensatory damages together with an award of reasonable attorneys fees and costs and an order awarding Ms. Latham such other and further relief as this Court deems fit.

Respectfully submitted,

Daniel M. Faber
Attorney for Plaintiff
4620C Jefferson Lane NE
Albuquerque, NM 87109
(505) 830-0405

8