IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRY LATHAM,

        Plaintiff,                              CIV No. 09-00643 MV/ACT

v.

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Plaintiff Terry Latham's Motion to Determine Sufficiency of Responses filed on December 8, 2009. [Doc.19]. The Court having reviewed the Motion, Defendant's Response [Doc.26], Plaintiff's Reply [Doc.29], and the relevant law, will deny the Motion.

## I.  BACKGROUND

On July 28, 2009, Terry Latham ("Plaintiff") sent a letter to the Board of Education of the Albuquerque Public Schools ("Defendant" or "APS") to inquire about setting up a deposition of Defendant's representative under Fed.R.Civ.P. 30(b)(6). [Doc. 19-2, Ex. A]. The letter included a list of a broad array of subjects areas about which the Plaintiff wanted to question the Defendant's designated witness. On September 28, 2009, Defendant wrote to Plaintiff indicating that it was "designating Dr. Theodore Davis as <u>one</u> of its representatives to testify on <u>some of the subjects</u> [Plaintiff] . . . requested." (Emphasis added.) *Id.* at Ex. C. The video-taped deposition of Dr. Davis took place on October 14, 2009. *Id.* at Ex. D. On October 22, 2009, Plaintiff served her First Requests for Admissions on "Defendant Board of Education of the Albuquerque

1

Public Schools." *Id.* at Ex. E.  On November 25, 2009, Defendant served Plaintiff with "APS's Answers to Plaintiff's First Request for Admissions" and unequivocally denied each request for admission. *Id.* at Ex. F.

In her Motion to Determine Sufficiency of Responses the Plaintiff argues that Defendant "contradicts" "its deposition testimony by denying it." [Doc. 19 and 29].  Plaintiff supports this argument by reference only to the October 14, 2009, deposition of Dr. Davis.  *Id.*  She argues that Defendant's denials "are insufficient because they contradict Defendant's earlier deposition testimony."[1] [Doc.29].

## II. LEGAL STANDARD ON THE APPLICABLE FEDERAL RULES: FED.R.CIV.P. 30(b)(6) and FED.R.CIV.P.36(a)(4) and 36(a)(6)

Fed.R.Civ.P. 30(b)(6) provides that a named organization must identify and designate one or more people necessary to satisfy each listed subject area in a Rule 30(b)(6) notice.  The Rule specifically provides that an organization "must designate *one or more* officers, directors, or managing agents, or designate other *persons* who consent to testify on its behalf; *and it may set out the matter on which each person designated will testify*." (Emphasis added.) *Id.* The Rule clearly anticipates that a named organization could very well designate more than one person as their Rule 30(b)(6) representative to satisfy a variety of subject areas in the Rule 30(b)(6) notice. *See Michelle Faniola v. Mazda Motor Corporation*, No. CIV-02-1011 (D.N.M. April 20, 2004), Doc.170 at p. 4 ("An organization must identify and designate *one or more* people necessary to satisfy *each listed subject area* in a  rule 30(b)(6) notice." (Emphasis added.)).

Fed.R.Civ.P.36 addresses requests for admissions.  Rule 36(a)(4) states that if a matter in a request for admission is not admitted, the answer "must specifically deny it or state in detail

---

[1] Again, Plaintiff only refers to some deposition testimony of Dr. Davis.

why the answering party cannot truthfully admit or deny it." "A denial of request for an admission must specifically address the substance of the request but also may be as simple as the single word, 'denied.'" *Ervin and Angie Ward v. Terex-Telelect and Simon-Telelect,* No. CIV 05-198 JH/LFG (D.N.M. April 10, 2007)(quotation in original)(Doc.91 at p.3).

Fed.R.Civ.P.36(b)(6) provides that

> [t]he requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

### III.  DISCUSSION

As an initial matter, the Court is troubled by the fact that Plaintiff's Motion to Determine Sufficiency of Responses creates the impression that Defendant designated Dr. Davis as its only Rule 30(b)(6) representative and as <u>the</u> representative to answer <u>all</u> questions on <u>all</u> the subject areas listed in Plaintiff's letter to Defendant dated July 28, 2009. [Doc.19-2,Ex.A].[2]  This representation that Dr. Davis is Defendant's sole Rule(b)(6) witness is directly contradicted by the Defendant in its letter to Plaintiff dated September 28, 2009. [Doc.19-2, Ex.C] wherein it specifically stated that Dr. Davis "is <u>one</u> of its representatives to testify on <u>some</u> <u>of</u> <u>the</u> <u>subjects</u> you have requested." *Id.*

Dr. Davis is, in fact, one of several designated 30(b)(6) witnesses provided to answer the Plaintiff's questions. [Doc.26, at pp. 6-8]. Defendant cites to the deposition testimony of two

---

[2] The Court is also troubled by the fact that the Plaintiff cites to only limited portions of Dr. Davis' deposition testimony and ignores other portions of the deposition which are relevant, as well as the relevant deposition testimony of other Rule 30(b)(6) witnesses who testified on behalf of APS on these issues. *See* Doc.26-2, Ex. C.

other APS witnesses that has relevance to Defendant's responses to Plaintiff's Request for Admissions: Angela Hicks, Manager of Substitute Service for APS and Yvonne Garcia, Principal of Volcano Vista High School. APS also makes reference to two other unnamed Rule 30(b)(6) witnesses whose testimony supports that of Ms. Hicks and Ms. Garcia. *Id.*

Moreover, Defendant's denials to Plaintiff's First Request for Admissions comply with the requirements of Rule 36(a)(4). "If a matter is not admitted, the answer must <u>specifically deny</u> it." *Id.* Here, Defendant has unequivocally denied each Request for Admission. [Doc.19-2, Ex.F). If the Plaintiff believes that these denials are wrong, her remedy is to prove otherwise at trial and then apply to the Court for an order requiring Defendant to pay the reasonable expenses, including reasonable attorney fees, in making that proof. Fed.R.Civ.P. 37(c)(2). *See Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp.2d 71, 74-75 (D.D.C. 2003)(the validity of an "answer to a request for admission must await the trial to see if the party forced to prove what was not admitted can meet the requirements of that rule"). *See* Doc.26 at p. 5, where the *Ramtron* court is quoted in depth by the Defendant on this subject. A motion on the sufficiency of an answer to a request for admissions addresses those answers which do not specifically admit or deny the request. *See* Fed.R.Civ.P.36(a)(4),(5) and (6). In this instance, the Defendant has clearly answered the requests for admissions with a denial.

An unqualified denial of a request for admission is not a sufficient basis to file a Motion to Determine Sufficiency of Responses. Apparently, counsel for Plaintiff failed to read the Federal Rules of Civil Procedure carefully. Furthermore, counsel for Plaintiff fashioned his argument to suggest that Dr. Davis was Defendant's only designated 30(b)(6) witness when in fact other Rule 30(b)(6) representatives were deposed on the issues raised in Plaintiff's letter of July 28, 2009 [Doc.19-2, Ex.A].

The federal rule addressing requests for admissions clearly states that if a matter is not admitted, the answering party must specifically deny it or state in detail why they cannot truthfully admit or deny it. Fed.R.Civ.P. 36(a)(4)   In light of the fact that Defendant specifically denied each request for admission, the Court finds that Plaintiff's Motion to Determine Sufficiency of Responses is disingenuous at best.  As noted *supra,* Plaintiff's remedy is to prove Defendant's denial was wrong at trial and request reasonable expenses under Fed.R.Civ.P. 37(a)(5). Plaintiff is warned that the filing of any motion in the future which does not comply with the Federal Rules of Civil Procedure could result in sanctions, which could include at a minimum an award of expenses under Fed.R.Civ.P. 37(a)(5)(B).

**IT IS ORDERED** that Plaintiff's Motion to Determine Sufficiency of Responses is DENIED.

_____
ALAN C. TORGERSON
United States Magistrate Judge